UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED PROCTOR,

       Plaintiff,

v.                                                     Case Number: 2:11-cv-14687
                                                     Honorable Victoria A. Roberts

THE HONORABLE RAE LEE CHABOT
and JESSICA COOPER,

       Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT AND
## CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I. INTRODUCTION

This is a civil rights action brought by a Michigan state prisoner under 42 U.S.C. § 1983. Plaintiff Fred Proctor is incarcerated by the Michigan Department of Corrections at the Michigan Reformatory in Ionia, Michigan. The Honorable Rae Lee Chabot and Oakland County Prosecutor Jessica Cooper are Defendants. In his *pro se* Complaint, Plaintiff alleges that he was denied due process because Defendants, in concert, improperly interpreted and applied Michigan's DNA testing procedure, MICH. COMP. LAWS § 770.16 *et seq.*, in denying his request for DNA testing. He seeks, among other things, monetary damages.

The Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court reviewed the Complaint and dismisses it for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

## II. BACKGROUND

Plaintiff asks the Court to enjoin Defendants from depriving him of the State's post-conviction DNA testing procedure; he wants to obtain DNA evidence from gloves discovered in his U-haul truck. In 1995, Plaintiff and co-defendant Harry Clement Camp were charged with the murder of Lawrence Adusky. They were tried jointly in Oakland County Circuit Court, with separate juries. Camp informed the police that Plaintiff was wearing a pair of orange work gloves when he fired the gun killing Adusky. Blood stains were identified on the gloves but no DNA testing was done on them.

The jury convicted Plaintiff of one count of felony murder, one count of armed robbery, and two counts of felony firearm. He was sentenced to life in prison for the murder and robbery convictions, consecutive to a two-year prison term for each of the felony-firearm convictions. The trial judge vacated the life sentence for the robbery conviction and one of the two-year prison terms for one of the felony firearm-convictions. The state appellate courts affirmed Plaintiff's convictions and sentences. *People v. Proctor*, Nos. 188435, 188436, 1997 WL 33343298 (Mich.Ct.App. Oct. 7, 1997); *People v. Proctor*, 459 Mich. 867; 584 N.W.2d 738 (1998) (Table).

Plaintiff filed a Motion for Relief from Judgment with the state trial court, which was

denied. His subsequent appeals to the state appellate courts also were denied. *People v. Proctor*, No. 229555 (Mich.Ct.App. Apr. 26, 2001); *People v. Proctor*, 465 Mich. 892; 635 N.W.2d 321 (2001) (Table).

Plaintiff then filed a Petition for Writ of Habeas Corpus in this District Court, which was assigned to The Honorable Robert H. Cleland. Judge Cleland denied the Petition. *Proctor v. Burt*, No. 01-cv-74333-DT (E.D. Mich. Dec. 20, 2002) (Cleland, J.). Judge Cleland also denied Plaintiff's Motion for Certificate of Appealability. *Proctor v. Burt*, No. 01-cv-74333-DT (E.D. Mich. Apr. 8, 2003) (Cleland, J.).

On December 12, 2005, Plaintiff filed a Motion for DNA testing, under Michigan Compiled Laws § 770.16 *et seq.*, with the Oakland County Circuit Court, "requesting DNA testing on the pair of orange work gloves that the police and prosecutors claimed that [he] wore when shooting the victim." Plaintiff's Complaint ¶ 30. Plaintiff claimed that the testing would have established that he was not the shooter. Plaintiff argues "that he was merely present in the area of the crime, without knowledge that a crime was going to be committed, or that his co-defendant was armed." Plaintiff's Complaint ¶ 17.

On July 12, 2006, Defendant Judge Chabot denied Plaintiff's Motion for testing; she held that he did not present prima facie proof that the testing was material to the issue of guilt, "as his conviction did not rest upon his identity as the one who pulled the trigger." Plaintiff's Complaint ¶ 31. Plaintiff's Motion for Reconsideration also was denied.

On December 12, 2008, Plaintiff filed a second request for DNA testing. Judge Chabot denied it. She also denied Plaintiff's Motion for Reconsideration, after requesting that the Prosecutor's office respond to the Motion. Defendant Cooper filed the Response. Both state

appellate courts denied Plaintiff's Applications for Leave to Appeal. *People v. Proctor*, No. 296074 (Mich.Ct.App. June 4, 2010); *People v. Proctor*, 488 Mich. 914; 789 N.W.2d 450 (2010).

Plaintiff now says Defendants, acting in concert, denied him his right to DNA testing under Michigan's DNA testing procedure.

### III.  DISCUSSION

#### A.  Jurisdictional Bars

##### 1.  *Heck v. Humphrey & Rooker v. Feldman*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (citation omitted); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (same).

Recently, in *Skinner v. Lynn*, --- U.S. ---, 131 S.Ct. 1289 (2011), the Supreme Court considered a § 1983 action by a state prisoner seeking post-conviction access to DNA evidence. The Court decided that the plaintiff's action was not *Heck*-barred because success in the action would not necessarily result in the plaintiff's "immediate or speedier release" from prison. *Skinner*, --- U.S. ---, 131 S.Ct. at 1298 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). The Court distinguished the untested DNA evidence at issue from the sort of evidence that must

be disclosed before trial under *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* evidence is, by definition, exculpatory, whereas DNA testing "may yield exculpatory, incriminating, or inconclusive results" *Skinner*, --- U.S. ---, 131 S.Ct. at 1300. In other words, even if the plaintiff hoped to use the DNA evidence to prove his actual innocence and overturn his conviction, the evidence would not necessarily be helpful for that purpose.

The holding in *Skinner* applies with equal force here. The evidence sought by Plaintiff is not, by definition, exculpatory. Like the DNA testing at issue in *Skinner*, the DNA testing may yield incriminating or inconclusive results. Thus, Plaintiff's action is not *Heck*-barred because success in his action would not necessarily entail immediate or speedier release from prison.

The *Skinner* Court also considered whether the plaintiff's action was barred by the *Rooker-Feldman* doctrine. *Skinner*, --- U.S. at ---, 131 S.Ct. at 1297-98 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers . . . inviting district court review and rejection of [the state court's] judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The plaintiff in *Skinner* had unsuccessfully sought access to the DNA evidence in state court pursuant to a state statute providing post-conviction access to DNA evidence. In a separate federal action, the plaintiff claimed that the State's procedures were constitutionally defective. *Skinner*, --- U.S. at ---, 131 S.Ct. at 1298. Though the plaintiff in *Skinner* was a state-court loser seeking relief in federal court, the Supreme Court held that the *Rooker-Feldman* doctrine did not bar the action because the action did not invite federal court review of the state court's decision; rather, the federal action was an independent challenge to the constitutionality of the state statute. *Id.*

5

Here, it appears that Plaintiff not only challenges the lower court's adverse decisions themselves but also the constitutionality of Michigan's DNA testing procedures. As the Court explained in *Feldman*, 460 U.S. at 487, and reiterated in *Exxon*, 544 U.S. at 286, a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action.

To the extent that Plaintiff invites this Court to review the state-court's decision, his claim is barred by the *Rooker-Feldman* doctrine. However, to the extent that Plaintiff's due-process challenge is an independent action that does not invite this Court to review the state court's decision, his claim is not barred by the doctrine.

### B.  Failure to State a Claim–Judicial and Prosecutorial Immunity

However, even if Plaintiff's action is not barred by *Heck v. Humphrey* or the *Rooker-Feldman* doctrine, his Complaint fails to state a claim.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### 1. Judicial and Prosecutorial Immunities

Judge Chabot is entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages, including injunctive or equitable relief. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9); *see also Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439, 446-47 (E.D. Mich. 2006) (judges are entitled to absolute judicial immunity).

The Sixth Circuit described the immunity from suit enjoyed by judges:

"[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but

> vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (citations omitted).

Plaintiff's challenge to the proceedings involve the performance of judicial duties by Judge Chabot. For the reasons stated, Judge Chabot is absolutely immune from suit for such conduct and the claim against her must be dismissed.

Defendant Cooper also is absolutely immune from suit. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009) (same). This immunity extends to a prosecutor's decision to file a criminal complaint. *See*, e.g., *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Absolute prosecutorial immunity exists even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for deciding to investigate and allegedly conspiring to present false charges to the grand jury).

Plaintiff also fails to identify a valid demand for injunctive relief and his damage claim against Defendant Cooper is dismissed because she is entitled to absolute prosecutorial immunity on any claim for damages based on her actions as an advocate for the State in Plaintiff's post-conviction proceedings; Prosecutor Cooper simply filed a Response Brief to Plaintiff's Motion for Reconsideration, as requested by Judge Chabot.

## IV. CONCLUSION

The Court DISMISSES Plaintiff's Civil Rights Complaint for failure to state a claim. The Court also concludes that an Appeal from this Order would be frivolous and therefore cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS ORDERED**.

  S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 21, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Fred Proctor by electronic means or U.S. Mail on December 21, 2011.

S/Linda Vertriest
Deputy Clerk